**United States District Court**
For the Northern District of California

1

2

3

4                    UNITED STATES DISTRICT COURT

5                    NORTHERN DISTRICT OF CALIFORNIA

6

7   CHARLES DAVID GORDON,

8            Petitioner,                          No. C 12-0769 PJH

9       v.
                                                  **STAY ORDER; ADMINISTRATIVE**
10                                                **CLOSURE**
    ANTHONY HEDGPETH, Warden,
11
             Respondent.
12   _____/

13          Petitioner Charles David Gordon ("Gordon"), a state prisoner, has filed a petition for

14   a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

15                                    **BACKGROUND**

16          On October 2, 2009, following a bench trial in the Napa County Superior Court,

17   Gordon was convicted of two counts of rape under California Penal Code § 261(a)(2); oral

18   copulation with a minor under California Penal Code § 288a(b)(1); sodomy by force under

19   California Penal Code §286(c); and infliction of corporal injury on a cohabitant under

20   California Penal Code § 273.5(a)(5).  Additionally, the court found true a multiple victim

21   allegation under California Penal Code § 667.61(b) as to the rape counts.  On November 4,

22   2009, the trial court sentenced Gordon to forty-nine years and eight months to life in prison.

23          On November 30, 2009, Gordon appealed to the California Court of Appeal, which

24   affirmed his conviction on September 29, 2010.  The California Supreme Court denied

25   review on December 15, 2010.[1]

26          On November 22, 2011, Gordon filed a habeas petition with the Napa County

27

28          [1]Gordon did not file a petition for writ of certiorari with the United States Supreme Court.
    The deadline for filing such a petition was March 15, 2011.

**United States District Court**
For the Northern District of California

1   Superior Court, which that court dismissed as untimely on December 5, 2011.  On January

2   3, 2012, Gordon filed a habeas petition with the California Court of Appeal.  On January 17,

3   2012, the California Court of Appeal denied the petition without prejudice.  It noted that

4   Gordon raised new arguments regarding the timeliness of his habeas petition that were not

5   previously presented to the Napa County Superior Court, and as a result, ruled that Gordon

6   had not exhausted his habeas remedy with the superior court.  In accordance with that

7   order, on January 20, 2012, Gordon filed an amended petition with the Napa County

8   Superior Court.  On February 1, 2012, that court set a briefing schedule on the petition.

9          Meanwhile, on February 16, 2012, while Gordon's habeas petition was pending in

10  state court, he filed the instant federal habeas petition raising thirty-eight claims for relief.

11  Additionally, on February 21, 2012, Gordon filed a motion to stay the federal proceedings

12  pending the state court habeas proceedings.

**DISCUSSION**

14  **A.      Legal Standard**

15         This court may entertain a petition for writ of habeas corpus "in behalf of a person in

16  custody pursuant to the judgment of a State court only on the ground that he is in custody

17  in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §

18  2254(a).  It shall "award the writ or issue an order directing the respondent to show cause

19  why the writ should not be granted, unless it appears from the application that the applicant

20  or person detained is not entitled thereto."  28 U.S.C. § 2243.

21  **B.      Petitioner's Legal Claims[2]**

22         Gordon raises thirty-eight claims for federal habeas relief, including that:

23         (1)      his statements were taken and introduced at trial in violation of his
                    Sixth Amendment rights under *Massiah v. United States*, 377 U.S. 201

---

25         [2]The court notes that in his list of claims, many of Gordon's claims were not stated as
26  federal constitutional claims.  Instead, Gordon phrased many as claims that the state court or
    his counsel "erred" under state law.  However, the court's review of Gordon's subsequent
27  discussion of the claims in most cases enabled it to ascertain that Gordon was indeed raising
    the claim(s) as one(s) based on federal constitutional law, and the court has phrased the
28  claims accordingly in its listing of the claims in this order.

**United States District Court**

For the Northern District of California

1   (1964);

2   (2)   the trial court improperly admitted statements from Gordon's April 1, 2009
        interrogation taken in violation of his *Miranda* rights;

3

4   (3)   prosecutorial misconduct in connection with the introduction of Gordon's
        statements violated his constitutional rights;

5   (4)   he received ineffective assistance of counsel when his trial counsel failed to
        object to the introduction of statements taken in violation of *Massiah;*

6

7   (5)   he received ineffective assistance of counsel when his trial counsel failed to
        object to the introduction of statements taken in violation of *Miranda;*

8   (6)   his due process rights were violated when the state obtained evidence by
        virtue of outrageous government conduct under *Rochin v. California*, 342 U.S.

9       165 (1952);

10   (7)   he received ineffective assistance of counsel when his trial counsel failed to
        object to the introduction of evidence obtained in violation of *Rochin*;

11

12   (8)   the trial court's admission of highly prejudicial opinion testimony from Jane
        Doe #2 violated his due process rights;

13   (9)   the trial court's admission of prejudicial and cumulative testimony about the
        rape of Jane Doe #2 violated his due process rights;

14

15   (10)  the trial court's admission of testimony regarding Gordon's prior sexual
        molestation incident violated his due process rights;

16   (11)  prosecutorial misconduct in connection with claims 8, 9, and 10, violated his
        due process rights;

17

18   (12)  he received ineffective assistance of counsel when his counsel failed to object
        to the trial court's admission of the evidence discussed in claims 8, 9, and 10
        above and to the prosecution's misconduct discussed in claim no. 11 above;

19

20   (13)  the trial court violated his Sixth Amendment Confrontation Clause rights and
        his due process rights when it excluded evidence regarding a video involving
        Gordon and Jane Doe #2;

21

22   (14)  the trial court violated his Sixth Amendment Confrontation Clause rights and
        his due process rights when it limited his cross-examination regarding Jane
        Doe #1's alleged consent to the rape charge;

23

24   (15)  the trial court violated his Sixth Amendment Confrontation Clause rights and
        his due process rights when it excluded evidence regarding Jane Doe #1's
        credibility;

25

26   (16)  the trial court violated his Sixth Amendment Confrontation Clause rights and
        his due process rights when it excluded evidence regarding Jane Doe #1's
        other sexual activities;

27

28   (17)  the trial court violated his Sixth Amendment Confrontation Clause rights and

3

**United States District Court**

For the Northern District of California

1    his due process rights when it excluded evidence regarding Jane Doe #2's
2    drug habits;

(18)    the trial court violated his Sixth Amendment Confrontation Clause rights and
3        his due process rights when it excluded evidence regarding Jane Doe #1's
4        drug habits;

(19)    he received ineffective assistance of counsel when his counsel failed to object
5        to the trial court's exclusion of the evidence discussed in 13-18 above;

(20)    the trial court's admission of testimony from a police officer regarding Jane
6        Doe #1's statements violated his Sixth Amendment Confrontation Clause
7        rights;

(21)    the trial court's admission of testimony from a sexual assault nurse regarding
8        Jane Doe #1's statements during a sexual assault examination violated his
9        Sixth Amendment Confrontation Clause rights;

(22)    the trial court's admission of testimony from a witness regarding Jane Doe
10       #2's statements the day following the rape violated his Sixth Amendment
11       Confrontation Clause rights;

(23)    the trial court's admission of his jailhouse letters violated his due process
12       rights;

(24)    he received ineffective assistance of counsel when his counsel failed to object
13       to the trial court's admission of his jailhouse letters;
14

(25)    he received ineffective assistance of counsel when his counsel failed to
15       conduct an adequate pretrial investigation regarding Jane Doe #1 and Jane
16       Doe #2, including:

17       a.    evidence that witness Marlene Maples had a bias and motive to lie
                resulting from her distribution of methamphetamine to Jane Doe #2;
18

19       b.    statements from Zach McCluskey regarding the extent of Jane Doe
                #2's drug use on the day of the rape;

20       c.    additional details regarding Jane Doe #2's sexual practices with
                Gordon;
21

22       d.    details regarding why Jane Doe #2 decided to press charges against
                Gordon after initially refusing to do so;

23       e.    inconsistencies between Detective Sandler's police report and
                Detective Elia's police report regarding Jane Doe #2;
24

25       f.    Jane Doe #1's diversion contract;

26       g.    Jane Doe #1's intoxication on the night of the rape; and

27       h.    Jane Doe #1's sexual relationship with Victor Rodriguez.

(26)    he received ineffective assistance of counsel when his counsel failed to
28

4

litigate certain issues and motions during the pre- and post-trial proceedings, including:

    a.    counsel's failure to file an opposition to the motions contained in the state's trial brief;

    b.    counsel's failure to file a motion to sever his trial of the counts by victim;

    c.    counsel's failure to file motions in limine to exclude inflammatory and inadmissible evidence;

    d.    counsel's motion to exclude bad act evidence and his response to the state's motion to introduce such evidence and

    e.    counsel's failure to file a sentencing memorandum.

(27)    his due process rights were violated when the victims' advocate participated in the case investigation and spoke with complaining witnesses;

(28)    he received ineffective assistance of counsel when his counsel failed to object to the victim advocate's conduct in the case;

(29)    his due process rights were violated because the evidence introduced regarding the rape and sodomy counts was insufficient;

(30)    his due process rights were violated because the evidence introduced regarding a corporal injury on a cohabitant count was insufficient;

(31)    he received ineffective assistance of counsel regarding his defense of reasonable but mistaken belief of consent;

(32)    the trial court's sentence violated his due process rights and constituted cruel and unusual punishment under the Eighth Amendment;

(33)    he received ineffective assistance of counsel at the sentencing proceedings;

(34)    the admission of his uncharged conduct violated his due process rights;

(35)    the trial court's sentence violated his due process rights and constituted cruel and unusual punishment under the Eighth Amendment;

(36)    he received ineffective assistance from appellate counsel when his counsel failed to assert potentially meritorious claims on appeal;

(37)    the Napa County Superior Court violated his constitutional rights when it denied his claims as untimely;

(38)    cumulative error rendered his conviction unconstitutional.

The court DISMISSES two of the claims at this stage - claim numbers 35 and 37.

First, claim number 35 is duplicative of claim no. 32 and is DISMISSED for this reason.

United States District Court

For the Northern District of California

1    Second, claim number 37 is not a cognizable claim.  The court will review any state court

2    dismissals for timeliness under state law only in conjunction with determining whether

3    Gordon has procedurally defaulted the claims set forth in this petition.  Moreover, the Napa

4    County Superior Court order of which Gordon complains is not even a final order as

5    proceedings are ongoing in that court. For this reason, claim number 37 is dismissed.

6         Liberally construed, the remaining thirty-six claims appear colorable under 28 U.S.C.

7    § 2254.  However, as noted by Gordon, only three of the thirty-six remaining claims have

8    been exhausted: claim nos. 30, 34, and 35.  The remaining thirty-three claims are in the

9    process of being litigated in concurrent state court habeas proceedings.

10   **C.      Petitioner's Stay Request**

11        Gordon requests the court stay the instant petition while he exhausts the remaining

12   claims in state court.  District courts have the authority to stay mixed petitions to allow for

13   exhaustion. *See Rhines v. Webber*, 544 U.S. 269, 274-75 (2005).  However, such stays

14   can only be granted upon a showing of good cause for petitioner's failure to exhaust the

15   issues before filing the federal petition, and a showing that the issues which the petitioner

16   proposes to exhaust are "potentially meritorious." *Id.*

17        With respect to good cause, the court notes that Gordon is currently attempting to

18   exhaust his claims in state court and that he filed the instant "protective" federal habeas

19   petition prior to the expiration of AEDPA's statute of limitations.  Accordingly, there is

20   nothing to suggest that Gordon has engaged in dilatory tactics or that he has failed to

21   exercise diligence in bringing his claims before the state court and this court.

22        The court does, however, have some concern regarding the quantity and nature of

23   the claims brought by Gordon in the instant petition.  Gordon appears to have raised every

24   claim he possibly could without much thought to condensing and/or prioritizing his claims,

25   and the court questions whether the remaining **thirty-six** claims are all "potentially

26   meritorious."  Nevertheless, the court will stay the instant petition to afford the state courts

27   the opportunity to act on each of the claims raised by Gordon.  However, once the state

28

1  court proceedings have resolved, the court may take a closer look at the thirty-six claims

2  contained in the instant petition, and may require Gordon to further amend his federal

3  habeas petition if appropriate.

4  **CONCLUSION**

5        For the foregoing reasons, Gordon's request for a stay is GRANTED, and the case

6  is hereby STAYED to allow Gordon to exhaust his unexhausted claims in state court.  If

7  Gordon is not granted relief in state court, he may return to this court and ask that the stay

8  be lifted.  The stay is subject to the following condition:  Gordon must notify this court

9  **within thirty days** after the state courts have completed their review of his claims or after

10  they have refused review of his claims.  If this condition of the stay is not satisfied, this

11  court may vacate the stay and act on this petition.

12        The clerk shall administratively close this case.  The closure has no legal effect; it is

13  purely a statistical matter.  The case will be reopened, the stay vacated, and an order to

14  show cause issued upon notification by petitioner in accordance with the conditions set

15  forth above.

16  **IT IS SO ORDERED.**

17  Dated: March 28, 2012

18

19  _____

20  PHYLLIS J. HAMILTON
    United States District Judge

21

22

23

24

25

26

27

28

7