1
2
3
4
5
6

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

7   CHARLES DAVID GORDON,

8           Petitioner,                              No. C 12-0769 PJH

9       v.
                                                     **STAY ORDER; ADMINISTRATIVE**
10                                                   **CLOSURE**
    ANTHONY HEDGPETH, Warden,
11
            Respondent.
12  _____/

13          Petitioner Charles David Gordon ("Gordon"), a state prisoner, has filed a petition for

14  a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

15                                      **BACKGROUND**

16          On October 2, 2009, following a bench trial in the Napa County Superior Court,

17  Gordon was convicted of two counts of rape under California Penal Code § 261(a)(2); oral

18  copulation with a minor under California Penal Code § 288a(b)(1); sodomy by force under

19  California Penal Code §286(c); and infliction of corporal injury on a cohabitant under

20  California Penal Code § 273.5(a)(5).  Additionally, the court found true a multiple victim

21  allegation under California Penal Code § 667.61(b) as to the rape counts.  On November 4,

22  2009, the trial court sentenced Gordon to forty-nine years and eight months to life in prison.

23          On November 30, 2009, Gordon appealed to the California Court of Appeal, which

24  affirmed his conviction on September 29, 2010.  The California Supreme Court denied

25  review on December 15, 2010.[1]

26          On November 22, 2011, Gordon filed a habeas petition with the Napa County

27

28          [1]Gordon did not file a petition for writ of certiorari with the United States Supreme Court.
    The deadline for filing such a petition was March 15, 2011.

Superior Court, which that court dismissed as untimely on December 5, 2011.  On January

3, 2012, Gordon filed a habeas petition with the California Court of Appeal.  On January 17,

2012, the California Court of Appeal denied the petition without prejudice.  It noted that

Gordon raised new arguments regarding the timeliness of his habeas petition that were not

previously presented to the Napa County Superior Court, and as a result, ruled that Gordon

had not exhausted his habeas remedy with the superior court.  In accordance with that

order, on January 20, 2012, Gordon filed an amended petition with the Napa County

Superior Court.  On February 1, 2012, that court set a briefing schedule on the petition.

Meanwhile, on February 16, 2012, while Gordon's habeas petition was pending in

state court, he filed the instant federal habeas petition raising thirty-eight claims for relief.

Additionally, on February 21, 2012, Gordon filed a motion to stay the federal proceedings

pending the state court habeas proceedings.

# DISCUSSION

## A.    Legal Standard

This court may entertain a petition for writ of habeas corpus "in behalf of a person in

custody pursuant to the judgment of a State court only on the ground that he is in custody

in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §

2254(a).  It shall "award the writ or issue an order directing the respondent to show cause

why the writ should not be granted, unless it appears from the application that the applicant

or person detained is not entitled thereto."  28 U.S.C. § 2243.

## B.    Petitioner's Legal Claims[2]

Gordon raises thirty-eight claims for federal habeas relief, including that:

(1)    his statements were taken and introduced at trial in violation of his
Sixth Amendment rights under *Massiah v. United States*, 377 U.S. 201

---

[2]The court notes that in his list of claims, many of Gordon's claims were not stated as
federal constitutional claims.  Instead, Gordon phrased many as claims that the state court or
his counsel "erred" under state law.  However, the court's review of Gordon's subsequent
discussion of the claims in most cases enabled it to ascertain that Gordon was indeed raising
the claim(s) as one(s) based on federal constitutional law, and the court has phrased the
claims accordingly in its listing of the claims in this order.

(1964);

(2)   the trial court improperly admitted statements from Gordon's April 1, 2009 interrogation taken in violation of his *Miranda* rights;

(3)   prosecutorial misconduct in connection with the introduction of Gordon's statements violated his constitutional rights;

(4)   he received ineffective assistance of counsel when his trial counsel failed to object to the introduction of statements taken in violation of *Massiah;*

(5)   he received ineffective assistance of counsel when his trial counsel failed to object to the introduction of statements taken in violation of *Miranda;*

(6)   his due process rights were violated when the state obtained evidence by virtue of outrageous government conduct under *Rochin v. California*, 342 U.S. 165 (1952);

(7)   he received ineffective assistance of counsel when his trial counsel failed to object to the introduction of evidence obtained in violation of *Rochin*;

(8)   the trial court's admission of highly prejudicial opinion testimony from Jane Doe #2 violated his due process rights;

(9)   the trial court's admission of prejudicial and cumulative testimony about the rape of Jane Doe #2 violated his due process rights;

(10)  the trial court's admission of testimony regarding Gordon's prior sexual molestation incident violated his due process rights;

(11)  prosecutorial misconduct in connection with claims 8, 9, and 10, violated his due process rights;

(12)  he received ineffective assistance of counsel when his counsel failed to object to the trial court's admission of the evidence discussed in claims 8, 9, and 10 above and to the prosecution's misconduct discussed in claim no. 11 above;

(13)  the trial court violated his Sixth Amendment Confrontation Clause rights and his due process rights when it excluded evidence regarding a video involving Gordon and Jane Doe #2;

(14)  the trial court violated his Sixth Amendment Confrontation Clause rights and his due process rights when it limited his cross-examination regarding Jane Doe #1's alleged consent to the rape charge;

(15)  the trial court violated his Sixth Amendment Confrontation Clause rights and his due process rights when it excluded evidence regarding Jane Doe #1's credibility;

(16)  the trial court violated his Sixth Amendment Confrontation Clause rights and his due process rights when it excluded evidence regarding Jane Doe #1's other sexual activities;

(17)  the trial court violated his Sixth Amendment Confrontation Clause rights and

United States District Court
For the Northern District of California

his due process rights when it excluded evidence regarding Jane Doe #2's drug habits;

(18)   the trial court violated his Sixth Amendment Confrontation Clause rights and his due process rights when it excluded evidence regarding Jane Doe #1's drug habits;

(19)   he received ineffective assistance of counsel when his counsel failed to object to the trial court's exclusion of the evidence discussed in 13-18 above;

(20)   the trial court's admission of testimony from a police officer regarding Jane Doe #1's statements violated his Sixth Amendment Confrontation Clause rights;

(21)   the trial court's admission of testimony from a sexual assault nurse regarding Jane Doe #1's statements during a sexual assault examination violated his Sixth Amendment Confrontation Clause rights;

(22)   the trial court's admission of testimony from a witness regarding Jane Doe #2's statements the day following the rape violated his Sixth Amendment Confrontation Clause rights;

(23)   the trial court's admission of his jailhouse letters violated his due process rights;

(24)   he received ineffective assistance of counsel when his counsel failed to object to the trial court's admission of his jailhouse letters;

(25)   he received ineffective assistance of counsel when his counsel failed to conduct an adequate pretrial investigation regarding Jane Doe #1 and Jane Doe #2, including:

a.   evidence that witness Marlene Maples had a bias and motive to lie resulting from her distribution of methamphetamine to Jane Doe #2;

b.   statements from Zach McCluskey regarding the extent of Jane Doe #2's drug use on the day of the rape;

c.   additional details regarding Jane Doe #2's sexual practices with Gordon;

d.   details regarding why Jane Doe #2 decided to press charges against Gordon after initially refusing to do so;

e.   inconsistencies between Detective Sandler's police report and Detective Elia's police report regarding Jane Doe #2;

f.   Jane Doe #1's diversion contract;

g.   Jane Doe #1's intoxication on the night of the rape; and

h.   Jane Doe #1's sexual relationship with Victor Rodriguez.

(26)   he received ineffective assistance of counsel when his counsel failed to

United States District Court

For the Northern District of California

litigate certain issues and motions during the pre- and post-trial proceedings, including:

    a.    counsel's failure to file an opposition to the motions contained in the state's trial brief;

    b.    counsel's failure to file a motion to sever his trial of the counts by victim;

    c.    counsel's failure to file motions in limine to exclude inflammatory and inadmissible evidence;

    d.    counsel's motion to exclude bad act evidence and his response to the state's motion to introduce such evidence and

    e.    counsel's failure to file a sentencing memorandum.

(27)    his due process rights were violated when the victims' advocate participated in the case investigation and spoke with complaining witnesses;

(28)    he received ineffective assistance of counsel when his counsel failed to object to the victim advocate's conduct in the case;

(29)    his due process rights were violated because the evidence introduced regarding the rape and sodomy counts was insufficient;

(30)    his due process rights were violated because the evidence introduced regarding a corporal injury on a cohabitant count was insufficient;

(31)    he received ineffective assistance of counsel regarding his defense of reasonable but mistaken belief of consent;

(32)    the trial court's sentence violated his due process rights and constituted cruel and unusual punishment under the Eighth Amendment;

(33)    he received ineffective assistance of counsel at the sentencing proceedings;

(34)    the admission of his uncharged conduct violated his due process rights;

(35)    the trial court's sentence violated his due process rights and constituted cruel and unusual punishment under the Eighth Amendment;

(36)    he received ineffective assistance from appellate counsel when his counsel failed to assert potentially meritorious claims on appeal;

(37)    the Napa County Superior Court violated his constitutional rights when it denied his claims as untimely;

(38)    cumulative error rendered his conviction unconstitutional.

The court DISMISSES two of the claims at this stage - claim numbers 35 and 37.

First, claim number 35 is duplicative of claim no. 32 and is DISMISSED for this reason.

United States District Court

For the Northern District of California

1  Second, claim number 37 is not a cognizable claim.  The court will review any state court

2  dismissals for timeliness under state law only in conjunction with determining whether

3  Gordon has procedurally defaulted the claims set forth in this petition.  Moreover, the Napa

4  County Superior Court order of which Gordon complains is not even a final order as

5  proceedings are ongoing in that court. For this reason, claim number 37 is dismissed.

6       Liberally construed, the remaining thirty-six claims appear colorable under 28 U.S.C.

7  § 2254.  However, as noted by Gordon, only three of the thirty-six remaining claims have

8  been exhausted: claim nos. 30, 34, and 35.  The remaining thirty-three claims are in the

9  process of being litigated in concurrent state court habeas proceedings.

10  **C.      Petitioner's Stay Request**

11       Gordon requests the court stay the instant petition while he exhausts the remaining

12  claims in state court.  District courts have the authority to stay mixed petitions to allow for

13  exhaustion. *See Rhines v. Webber*, 544 U.S. 269, 274-75 (2005).  However, such stays

14  can only be granted upon a showing of good cause for petitioner's failure to exhaust the

15  issues before filing the federal petition, and a showing that the issues which the petitioner

16  proposes to exhaust are "potentially meritorious." *Id.*

17       With respect to good cause, the court notes that Gordon is currently attempting to

18  exhaust his claims in state court and that he filed the instant "protective" federal habeas

19  petition prior to the expiration of AEDPA's statute of limitations.  Accordingly, there is

20  nothing to suggest that Gordon has engaged in dilatory tactics or that he has failed to

21  exercise diligence in bringing his claims before the state court and this court.

22       The court does, however, have some concern regarding the quantity and nature of

23  the claims brought by Gordon in the instant petition.  Gordon appears to have raised every

24  claim he possibly could without much thought to condensing and/or prioritizing his claims,

25  and the court questions whether the remaining **thirty-six** claims are all "potentially

26  meritorious."  Nevertheless, the court will stay the instant petition to afford the state courts

27  the opportunity to act on each of the claims raised by Gordon.  However, once the state

28

**United States District Court**
For the Northern District of California

1  court proceedings have resolved, the court may take a closer look at the thirty-six claims

2  contained in the instant petition, and may require Gordon to further amend his federal

3  habeas petition if appropriate.

4  **CONCLUSION**

5       For the foregoing reasons, Gordon's request for a stay is GRANTED, and the case

6  is hereby STAYED to allow Gordon to exhaust his unexhausted claims in state court.  If

7  Gordon is not granted relief in state court, he may return to this court and ask that the stay

8  be lifted.  The stay is subject to the following condition:  Gordon must notify this court

9  **within thirty days** after the state courts have completed their review of his claims or after

10  they have refused review of his claims.  If this condition of the stay is not satisfied, this

11  court may vacate the stay and act on this petition.

12       The clerk shall administratively close this case.  The closure has no legal effect; it is

13  purely a statistical matter.  The case will be reopened, the stay vacated, and an order to

14  show cause issued upon notification by petitioner in accordance with the conditions set

15  forth above.

16  **IT IS SO ORDERED.**

17  Dated: March 28, 2012

18

19  _____

20  PHYLLIS J. HAMILTON
    United States District Judge

21

22

23

24

25

26

27

28

7