UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES DAVID GORDON,<br>    Petitioner,<br>    v.<br>JOE A. LIZARRAGA,<br>    Respondent. | Case No. 12-cv-00769-PJH<br><br>**ORDER DIRECTING PETITIONER TO ADDRESS GROUNDS TO STAY AND ABEY PETITION TO EXHAUST STATE REMEDIES** |

Before the court is the second amended petition for writ of habeas corpus ("Pet.") pursuant to 28 U.S.C. § 2254 filed by represented state prisoner Charles David Gordon. In the traverse filed January 12, 2018, Gordon presents new arguments and evidence in support of her claims. Dkt. 33. Respondent has objected to the newly filed exhibits on the ground that they were not presented to the state court. Dkt. 40. Because these exhibits were not presented to the state court, the claims based on that evidence are unexhausted. Gordon is therefore directed to address any applicable grounds to request a stay and abeyance of the mixed habeas petition to exhaust the claims in state court.

**LEGAL STANDARD**

**A. Exhaustion**

A federal court may not grant habeas relief until a petitioner has exhausted available state remedies with respect to each claim. 28 U.S.C. § 2254(b); Picard v. Connor, 404 U.S. 270, 272 (1971). The exhaustion doctrine rests on principles of comity and federalism. Rose v. Lundy, 455 U.S. 509, 515 (1982). Exhaustion is required to: (1) protect the state court's role in the enforcement of federal law; (2) prevent disruption

1  of state court proceedings; and (3) reduce piecemeal litigation. Id. at 518–20.
2  A federal constitutional claim is exhausted when it has been "fairly presented" to the
3  highest state court and that court has had a meaningful opportunity to apply controlling
4  legal principles to the facts underlying the claim. Picard, 404 U.S. at 276–77. A claim
5  has been "fairly presented" if the petitioner described in state court both the legal theories
6  and the operative facts on which he bases the claim. Id. at 277–78; see Crotts v. Smith,
7  73 F.3d 861, 865 (9th Cir. 1996), superseded by statute on other grounds as stated in
8  Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000).

To fairly present the legal theory of a claim, a petitioner must alert the state court that he is asserting a federal constitutional claim, either by citing the constitutional provision on which he relies or otherwise advising the court of the claim's federal basis. Duncan v. Henry, 513 U.S. 364, 365–66 (1995). The factual basis of a claim has been fairly presented as long as the facts alleged in federal court do not fundamentally alter the nature of the claim, Vasquez v. Hillery, 474 U.S. 254, 260 (1986), place the claim in a "significantly different and stronger evidentiary posture" than it was when the state courts considered it, or "substantially improve[ ] the evidentiary basis" of the claim. Aiken v. Spalding, 841 F.2d 881, 883 (9th Cir. 1988). See also Chacon v. Wood, 36 F.3d 1459, 1468 (9th Cir. 1994), superseded by statute on other grounds as stated in Morris v. Woodford, 229 F.3d 775, 779 (9th Cir. 2000).

In Cullen v. Pinholster, 563 U.S. 170 (2011), the Supreme Court held federal habeas review under 28 U.S.C. Section 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. See id. at 180-81 (holding district court erred in considering evidence introduced for first time in federal court).

**B. Stay and Abeyance**

The Supreme Court follows a rule of "total exhaustion," requiring that all claims in a habeas petition be exhausted before a federal court may grant the petition. Rose, 455 U.S. at 522. When a petitioner files a petition which contains both exhausted and unexhausted claims, a court has three options: (1) it can dismiss the entire application

2

1 without prejudice in order to allow the petitioner to return to state court to present his
2 unexhausted claims; (2) it can delete the unexhausted claims from the petition so that the
3 habeas proceeding can continue with only the remaining exhausted claims; or (3) in
4 limited circumstances, it can stay the proceedings and hold the case in abeyance while
5 the petitioner returns to state court to exhaust his previously unexhausted claims.
6 Robbins v. Carey, 481 F.3d 1143, 1147 (9th Cir. 2007). The stay and abey option was
7 crafted in response to a problem resulting from the interplay between the total exhaustion
8 requirement of Lundy and the one-year statute of limitations for filing federal habeas
9 corpus applications. See 28 U.S.C. § 2244(d). If a federal court dismisses a mixed
10 petition in order to allow a petitioner to return to state court to exhaust his claims, the
11 AEDPA's one-year statute of limitations could bar review of his entire petition when he
12 refiles it in federal court. Rhines v. Weber, 544 U.S. 269, 275 (2005). A district court
13 should grant a motion to stay and abey only if: (1) the petitioner has good cause for his
14 failure to exhaust his claims, (2) the unexhausted claims are potentially meritorious, and
15 (3) there is no indication that the petitioner intentionally engaged in dilatory tactics. Id. at
16 278.

**DISCUSSION**

The traverse included Exhibits 80 through 83 which were not presented in the state habeas proceedings, or in the second amended habeas petition filed here. Gordon offers these newly filed exhibits as further evidentiary support for four claims for habeas relief that the court previously found cognizable. Dkt. 33 at 32 (Claim 2), 56-57 (Claim 9), 72 (Claim 12, referring to arguments in support of Claim 9), 85-86 (Claim 14). Gordon asks the court to consider a factual basis for these claims that was not fully and fairly presented to the state court, without seeking a stay of the federal petition to exhaust these claims in state court. The court has reviewed all the papers and determines that the new exhibits are offered to improve the evidentiary basis for Claims 2, 9, 12 and 14, by demonstrating Gordon's diagnosis of gender dysphoria and arguing for the first time that her gender identity affected her mental state when she was interrogated and when

3

she wrote the jailhouse letters. The evidence of Gordon's gender dysphoria does not merely clarify the facts presented in the state habeas proceedings, but could "fundamentally alter" the claims that have already been considered by the state courts. See Vasquez v. Hillery, 474 U.S. 254, 257–58, 260 (1986). See also Nevius v. Sumner, 852 F.2d 463, 470 (9th Cir. 1988) ("If there is evidence that should be presented to the state courts, then the attempt must first be made to present it there and to make a record. Only thereafter, under the appropriate procedural strictures, may the matter be addressed in federal court.").

Accordingly, Gordon is granted leave to file a motion to stay and abey the petition for consideration of the new evidence in state court. There are two kinds of stays available in a habeas action: the Rhines stay, discussed above, and the King/Kelly stay. See King v. Ryan, 564 F.3d 1133, 1141–42 (9th Cir. 2009), and Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), overruled on other grounds as recognized by Robbins v. Carey, 481 F.3d 1143, 1148–49 (9th Cir. 2007). Where a petitioner is unable to meet the requirements of a Rhines stay, the King/Kelly stay offers an alternative method to deal with a mixed petition.

Under the procedure outlined in Kelly, "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." King, 564 F.3d at 1134 (citing Kelly, 315 F.3d at 1070–71). A petitioner seeking to avail herself of the Kelly three-step procedure is not required to show good cause as under Rhines, but rather must eventually show that the amendment of any newly exhausted claims back into the petition satisfies both Mayle v. Felix, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts" and Duncan v. Walker, 533 U.S. 167 (2001), by complying with the statute of limitations. King, 564 F.3d at 1141–43.

**CONCLUSION**

Gordon is directed to file a motion to stay the petition, or a statement that she will not move to stay, within **14 days of the date of this order.** Respondent may file a response **14 days after Gordon files the motion to stay.** If Gordon elects not to move for a stay and abeyance of the federal habeas petition, the court will proceed to rule on respondent's objections to the new exhibits filed with the traverse and the merits of the petition.

**IT IS SO ORDERED.**

Dated: August 17, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge