UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLES DAVID GORDON,

    Petitioner,

    v.

JOE A. LIZARRAGA,

    Respondent.

Case No. 12-cv-00769-PJH

**ORDER GRANTING MOTION FOR STAY AND ABEYANCE**

Re: Dkt. No. 58

Before the court is the motion of petitioner Charles David Gordon to stay and hold in abeyance the proceedings on the second amended petition for writ of habeas corpus ("federal petition"). Dkt. no. 58. Respondent opposes Gordon's motion to stay and abey these habeas proceedings. Dkt. no. 59. The court determines that the matter is suitable for decision without oral argument and VACATES the motion hearing previously noticed for October 31, 2018. The stipulation to continue the motion hearing is DENIED as moot. Dkt. no. 60. Having considered the relevant legal authority, the parties' papers and the record, and for good cause shown, the court GRANTS Gordon's motion to stay and abey the habeas proceedings pending resolution of the state habeas petition to exhaust state court remedies as to claims 2, 9, 12 and 14 of the federal petition.

Following the court's issuance of the Order Directing Petitioner to Address Grounds to Stay and Abey Petition to Exhaust State Remedies on August 17, 2018, dkt. no. 55, Gordon filed the instant motion to stay and hold in abeyance proceedings on the federal petition pursuant to Rhines v. Weber, 544 U.S. 269 (2005), and Pace v. DiGuglielmo, 544 U.S. 408 (2005), or alternatively, pursuant to King v. Ryan, 564 F.3d

1  1133 (9th Cir. 2009), and Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), overruled on
2  other grounds as recognized by Robbins v. Carey, 481 F.3d 1143, 1148-49 (9th Cir.
3  2007).  Gordon represents that she has filed a state habeas corpus petition presenting
4  the evidence that the court has determined was not fully and fairly presented to the state
5  courts in support of Claims 2, 9, 12 and 14, rendering those claims unexhausted.  Dkt.
6  no. 55 at 3-4.  Gordon asks the court to stay the entire mixed petition pending resolution
7  of the state exhaustion proceedings under Rhines to preserve the unexhausted habeas
8  claims.

9  Stay and abeyance of a mixed petition pursuant to Rhines is "appropriate only
10 when (1) good cause exists for petitioner's failure to exhaust; (2) petitioner's unexhausted
11 claims are not 'plainly meritless'; and (3) there is no indication that petitioner engaged in
12 'abusive litigation tactics or intentional delay.'"  Robbins v. Carey, 481 F.3d 1143, 1149
13 (9th Cir. 2007) (citing Rhines, 544 U.S. at 277-78).  To establish good cause, Gordon
14 asserts that during the state court proceedings, she had not been diagnosed with and
15 treated for her gender dysphoria.  Respondent points out that the medical records filed
16 under seal with the traverse, Exhibit 83, indicate that she had been diagnosed with
17 gender dysphoria and begun treatment sometime before December 29, 2015.
18 Respondent argues that even if Gordon had good cause for failing to present evidence of
19 her diagnosis and treatment when filing her habeas petition before the California
20 Supreme Court on July 28, 2015, or before that court issued its ruling on November 10,
21 2015, she has failed to show good cause for exhausting that evidence in state court
22 before presenting it for the first time in the traverse filed January 12, 2018.  Indeed, after
23 Gordon filed an amended petition on December 11, 2015, counsel sought leave to file
24 corrections to the amended petition on April 7, 2016.  The court denied leave to file
25 corrections and instead granted leave to file a second amended petition, which Gordon
26 filed May 14, 2016.  Yet, Gordon did not present evidence of her gender dysphoria in
27 support of her habeas claims until filing the traverse on January 12, 2018.  Although
28 Gordon's motion to stay fails to address the reason for delay in presenting this evidence

2

in the federal habeas proceedings, she has sufficiently demonstrated that the evidence of her gender dysphoria diagnosis and treatment were not available during the state habeas proceedings. Because Gordon has initiated state court exhaustion proceedings, which may provide an opportunity to address the delay in presenting evidence of her gender dysphoria, Gordon has demonstrated good cause to stay and abey these proceedings under Rhines.

With respect to the remaining requirements for a Rhines stay, Gordon has sufficiently demonstrated that the unexhausted claims are not plainly meritless, having shown that the newly presented evidence could further support Claims 2, 9, 12 and 14, which the court has already determined to be sufficiently cognizable so as to require a response. Further, there is nothing in the record to suggest that the delay in presenting evidence of gender dysphoria was part of any intentionally dilatory tactics. Respondent's suggestion that Gordon would benefit from delaying the federal habeas proceedings by continuing to receive state-funded treatment is speculative and fails to outweigh Gordon's assertion that delayed court proceedings would be detrimental by prolonging her incarceration.

To the extent that Gordon has not exhausted state court remedies as to Claims 2, 9, 12 and 14 as supported by the evidence presented in Exhibits 80 through 83 to the traverse, the court GRANTS Gordon's motion to stay and abey these proceedings while she presents those unexhausted claims to the state court. Having determined that Gordon has shown good cause to stay these proceedings under Rhine, the court declines to reach the question whether a stay would be warranted alternatively under Kelly/King.

IT IS HEREBY ORDERED that the proceedings on the Second Amended Petition for Writ of Habeas Corpus are hereby STAYED and HELD IN ABEYANCE. The Clerk shall administratively close the case. The closure has no legal effect; it is purely a statistical matter. The case will be reopened and the stay vacated upon notification to the court that the state exhaustion proceedings have concluded.

3

1    IT IS FURTHER ORDERED that within thirty (30) days after entry of this Order, and every ninety (90) days thereafter until the state exhaustion proceedings are completed, Gordon shall file a status report on the pending state habeas action. No later than 30 days after the state exhaustion proceedings are completed, Gordon shall file notice that the proceedings are completed.

**IT IS SO ORDERED.**

Dated: October 16, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge