UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES DAVID GORDON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>JOE A. LIZARRAGA,<br><br>　　　　Respondent. | Case No. 12-cv-00769-PJH<br><br>**ORDER DENYING FED.R.CIV.P. 59(e) MOTION TO ALTER OR AMEND JUDGMENT; VACATING MOTION HEARING; DENYING MOTION FOR LEAVE TO FILE RESPONSE TO OBJECTION TO EVIDENCE** |

Before the court is the motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) filed by represented petitioner Charles David Gordon, known as Angie Gordon. Dkt. 81 ("Mot."). Respondent filed an opposition on February 3, 2020. Dkt. 86 ("Opp."). Petitioner filed a reply on February 6, 2020. Dkt. 87. Respondent filed an objection to evidence submitted in support of the reply. Dkt. 88. Petitioner filed an administrative motion for leave to file a response to the objection to evidence. Dkt. 89. The court determines that the matter is suitable for decision without oral argument and is submitted on the papers. The motion hearing noticed for April 22, 2020 is VACATED.

**LEGAL STANDARD**

Rule 59(e) of the Federal Rules of Civil Procedure permits a party to seek an order altering or amending a judgment. Rule 59(e) does not describe the conditions under which a court should reconsider a prior decision, but under Ninth Circuit authority, it is appropriate to alter or amend a judgment under Rule 59(e) if "'(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change

in controlling law.'" United Nat. Ins. Co. v. Spectrum Worldwide, Inc., 555 F.3d 772, 780 (9th Cir. 2009) (quoting Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001)).

**DISCUSSION**

In moving to alter or amend the judgment, petitioner contends that the court failed to address her argument that the state court's application of the timeliness bar to Claims 1, 2, 3, and 9 was surprising, unfair, arbitrary and served to evade federal review of her claims, where she timely filed a habeas petition in Napa County Superior Court on November 22, 2011, within one year of issuance of the remittitur by the court of appeal on December 16, 2010, and where the superior court's April 24, 2012, order to show cause rejected respondent's argument that the claims in the amended habeas petition were procedurally barred and required a full analysis of the merits of the claims. Mot. at 4-5; Traverse at 17–18 and n.7 (citing In re Bower, 38 Cal. 3d 865, 873 n.3 (1985)). Petitioner concedes that the Supreme Court has established the adequacy and independence of California's timeliness requirement to bar federal habeas review in noncapital cases, but contends that the timeliness bar was specifically inadequate as applied in her case. Traverse at 17–19 (citing Walker v. Martin, 562 U.S. 307, 315–18, 320, 321 (2011); Lee v. Kemna, 534 U.S. 362, 385 (2002)).

Respondent argues that petitioner has not demonstrated manifest error of law or fact in support of her Rule 59(e) motion, citing its earlier-filed response to petitioner's argument that she substantially met the requirements of the timeliness bar to oppose procedural default. Opp. at 3. In support of dismissal of Claims 1, 2, 3, and 9 on procedural default grounds, respondent addressed petitioner's contention that her habeas claims were timely because she filed her first state habeas petition within one year of issuance of the remittitur. Respondent argued that despite knowing the factual and legal bases of Claims 1, 2, 3, and 9 at the time of trial, petitioner did not raise the claims either at trial or on appeal, and "made no effort in her state habeas petition to satisfy her burden of establishing that she did not substantially delay in filing the claims

2

over two years later." Obj. to New Exhibits and Response to New Arguments Raised in Traverse (dkt. 40) at 5–7 and n. 5.

The court dismissed Claims 1, 2, 3, and 9 as procedurally defaulted on the ground of untimeliness and, on separate grounds, denied those claims on the merits upon de novo review. Dkt. 79 at 18, 19–28. In rejecting petitioner's argument as articulated in the Supplemental Traverse that application of the timeliness bar was specifically inadequate as applied in her case, the court found that she had failed to show that the state court's denial of Claims 2 and 9 as untimely was inadequate for lacking fair or substantial support in prior state law. Dkt. 79 at 17. To the extent that the court did not expressly discuss petitioner's separate Traverse argument that her state court habeas petition was filed in superior court within one year of issuance of the remittitur so as to substantially meet the requirements of the timeliness requirement and that the procedural bar served to evade federal review, petitioner fails to show clear or manifest error warranting Rule 59(e) relief. In light of the record, the state court's application of the timeliness bar to Claims 1, 2, 3 and 9 was not surprising, unfair, and arbitrary, as petitioner contends. As the court noted in the procedural history of the case, dkt. 79 at 9, petitioner filed a habeas petition in the court of appeal on January 3, 2012, before filing an amended petition in the Napa County Superior Court on January 20, 2012. See Answer, Suppl. Ex. K, Vol. 4 (dkt. 42-4) at 1593. On January 17, 2012, the court of appeal denied the petition without prejudice. See Answer, Suppl. Ex. K, Vol. 1 (dkt. 42-1) at 0400. The court summarized the procedural history, dkt. 79 at 9, to reflect that "[t]he state appellate court noted that Gordon raised new arguments regarding the timeliness of her habeas petition that were not previously presented to the Napa County Superior Court, and as a result, ruled that Gordon had not exhausted her habeas remedy with the Superior Court," as recorded on the public docket:

> BY THE COURT:* Petitioner's request for habeas corpus relief in the superior court was denied for various reasons, including but not limited to petitioner's failure to demonstrate that the petition was timely filed. The petition filed in the superior court

3

> appears to contain only one short paragraph discussing the petition's timeliness. In contrast, the petition filed in this court contains many pages of argument concerning the petition's timeliness. Petitioner did not refile his habeas petition in the superior court to present those arguments (and others related to the basis for the superior court's denial of habeas relief). Instead, petitioner now seeks relief in this court, raising those arguments to this court in the first instance. Under the circumstances, petitioner has not meaningfully exhausted his superior court habeas remedy. (See In re Steele (2004) 32 Cal.4th 682, 692; In re Hillery (1962) 202 Cal.App.2d 293, 294.) Consequently, the petition for writ of habeas corpus is denied without prejudice to being refiled in the Napa County Superior Court, to permit petitioner to cure the defects identified by the superior court in its order denying habeas relief. In light of the ruling above, petitioner's application for permission to file an oversized memorandum to the petition for writ of habeas corpus is moot. However, in the event petitioner again seeks habeas relief in this court, the court advises counsel that it does not foresee granting petitioner permission to file a memorandum exceeding 100 pages. * Before Simons, Acting P.J., Needham, J. and Bruiniers, J.

In re Gordon, No. A134162 (Cal. Ct. App. 1st Dist. Jan. 17, 2012) (available at https://appellatecases.courtinfo.ca.gov/).

Petitioner fails to mention or address the court of appeal's finding that the January 3, 2012, habeas petition presented new timeliness arguments that were unexhausted because they had not been presented to the superior court, which had denied the November 22, 2011, habeas petition on the ground that "it does not provide any explanation for the substantial delay in its filing." Second Am. Pet., Ex. 48 (dkt. 16-3). In light of the state court record, particularly where petitioner presented timeliness arguments in the first instance in the January 3, 2012 petition in the court of appeal, rather than exhausting those grounds for relief in the habeas proceedings in the superior court, petitioner fails to demonstrate that the state court's application of the timeliness bar to Claims 1, 2, 3 and 9 was surprising, unfair, arbitrary, novel or unforeseeable, such that it was inadequate to bar federal habeas review. See Martin, 562 U.S. at 316 and n.4 (noting that application of California's timeliness rule in Martin's case did not fall within

the "limited category" of "exceptional cases in which exorbitant application of a generally sound rule renders the state ground inadequate" under Lee, 534 U.S. at 376).

Furthermore, petitioner has offered no authority in support of her argument that the state court's application of seemingly contradictory procedural bars as alternative grounds for denying relief should be inferred as a failure by the state courts to consider the propriety of applying those separate, independent bars. Mot. at 5; Traverse at 17–19. Petitioner has not demonstrated clear or manifest error warranting alteration or amendment of the judgment.

Respondent's objection to the unpublished superior court order submitted in support of petitioner's reply as newly submitted evidence is OVERRULED, dkt. 88, though the court notes that the superior court order carries little to no authoritative weight in light of the published state court authority cited in the briefs. Petitioner's motion for leave to file a response to the objection, dkt. 89, is DENIED.

**CONCLUSION**

For the reasons set forth above, petitioner's motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) is DENIED.

**IT IS SO ORDERED.**

Dated: February 18, 2020

/s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge